ROBERT THIELEPAPE v. THE STATE.

No. 6213.   Decided May 11, 1921.

Rehearing denied June 8, 1921.

Intoxicating Liquors—Possession—Precedent—Practice on Appeal—Companion Case.

Where, upon trial of having in possession intoxicating liquor in violation of law, the same legal questions are presented on appeal which were disposed of in companion cases, they will not be reviewed in the instant case, and the evidence being sufficient to sustain the conviction, there was no reversible error.

Appeal from the District Court of Parker. Tried below before the Honorable F. O. McKinsey.

Appeal from a conviction of the unlawful possession of intoxicating liquors; penalty, imprisonment in the penitentiary for one year.

The opinion states the case.

*Baskin, Dodge & Bishop,* and *Sam S. Beene,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for having in his possession intoxicating liquor not for medicinal, mechanical, scientific or sacramental purposes, and his punishment assessed at one year in the penitentiary.

This is a companian case to Numbers 6212 and 6214, against the same appellant, decided last opinion day, May 4th. The same legal questions are presented in this case as were disposed of in the others, and therefore, we pretermit a discussion of them again. The evidence is also set out practically in full, in one of those cases, and it will not be necessary to repeat it here further than it has reference to the particular charge we are now considering. The evidence fully authorized the jury in reaching the conclusion that appellant not only had intoxicating liquor in his possession, but that he was holding it in his possession for the purpose of unlawfully selling it. At the time his premises was raided two five-gallon jugs of corn whisky were found under some hay in his barn, and another five-gallon jug partially filled was found in the same place. Equipment for making intoxicating liquor was found upon his premises, and there was evidence to the effect that he had been using it. Some nine or ten barrels of mash in various stages of fermentation, and corn meal, were found in his barn. Appellant was in the habit of making one or two trips a week to Fort Worth in his car, and at the time of his arrest, upon approaching home, three empty five-gallon jugs were found in his car, together with three sacks of corn meal and a quantity of sugar. The jugs seem to have borne about them the unmistakable odor of whisky, and the jury was fully warranted in reaching the conclusion that the whisky found in appellant's possession was held by him for the unlawful purpose of sale and barter.

Having disposed of the legal questions involved, in the other cases, and believing the evidence in this case sustains the verdict, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

June 8, 1921.

LATTIMORE, Judge.—This case was affirmed at a former time and comes before us upon appellant's motion for rehearing. No sufficient reasons appearing in said motion for believing our former opinion incorrect, and concluding that the case was properly disposed of, the motion for rehearing will be overruled.

*Overruled.*